# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4268 | **DATE** | 8/2/2011 |
| **CASE TITLE** | U.S. ex rel. Jerome Thomas (#B-57343) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Jerome Thomas, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2004, Cook County, Illinois, convictions for first degree murder. (Cook County Criminal Court No. 96 CR 6451). Petitioner challenges his conviction based on ineffective assistance of counsel and due process violations relating to the Court's preventing the entry of expert witness testimony.

Petitioner has paid the statutory filing fee.

Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. The Court believes that Petitioner has filed in a timely manner, however, it is worthy of note that Petitioner did not include any information regarding the timing of his co-defendant's re-sentencing. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

AWL

**STATEMENT (continued)**

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.